HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NALEN PIERRE WILLIAMS, | |
| Petitioner, | Case No. 2:20-cv-00386-RAJ |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

This matter comes before the Court on Petitioner Nalen Pierre Williams' ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. # 1. Respondent United States of America ("the Government") opposes the motion. Dkt. # 4. Having reviewed the briefing, remaining record, supplemental authorities, and relevant law, the Court DENIES the motion.

## II. BACKGROUND

On May 17, 2017, Petitioner was charged in a three-count indictment in the Western District of Washington for the following offenses:

(1) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1);

ORDER – 1

    (2) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and

    (3) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

*United States v. Williams*, No. 2:17-cr-00138-RAJ-1 (W.D. Wash. filed October 30, 2017) (Dkt. # 12).

On October 30, 2017, Petitioner entered into a plea agreement pursuant to Rule 11(c) in which he pleaded guilty to the first two counts, and the Government dismissed the third count. *Id.* (Dkt. # 23). The elements of the first count, Felon in Possession of a Firearm, were listed in the agreement as follows:

    (1) The defendant knowingly possessed a firearm;

    (2) At the time he possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

    (3) The firearm had been shipped or transported in interstate or foreign commerce.

Dkt. # 4-1 at 3. The plea agreement noted that at the time Petitioner possessed the firearm, he had been convicted of the following crimes punishable by imprisonment for a term exceeding one year:

    (1) *Murder in the Second Degree*, under cause number 93-1-04779-3, in King County Superior Court, Washington, dated on or about January 14, 1994;

    (2) *Violation of the Uniform Controlled Substances Act: Delivery of Cocaine*, under cause number 12-1-01325-6, in King County Superior Court, Washington, dated on or about December 7, 2012.

*Id.* at 7.

At the April 13, 2018 sentencing hearing, Petitioner's trial counsel confirmed that he and Petitioner had reviewed Probation's Presentence Report and had no unresolved objections. Dkt. # 4 at 5. Probation recommended a sentence of 60 months, the Government recommended a sentence of 84 months, and Petitioner recommended a

ORDER – 2

sentence of 18 months. *Id.* The Court sentenced Petitioner to a term of 52 months on Count 1 and 52 months on Count 2, with terms to run concurrently, followed by three years of supervised release. Williams, No. 2:17-cr-00138-RAJ-1 (Dkt. # 31).

Petitioner appealed the sentence—which was 15 months above the high end of the U.S. Sentencing Guidelines—on several grounds. Dkt. # 1 at 3. On June 7, 2019, the Ninth Circuit affirmed this Court's sentence and remanded with an instruction to amend the Statement of Reasons form to conform with the oral pronouncement of the sentence. *United States v. Williams*, 773 F. App'x 379, 383 (9th Cir. 2019).

Two weeks later, on June 21, 2019, the Supreme Court issued a decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), holding that in prosecutions under 18 U.S.C. § 922(g), the government must prove not only that a defendant knew he possessed a firearm, but that he knew he belonged to a category of persons who are barred from possessing a firearm. Petitioner then filed a petition for rehearing with suggestion for rehearing *en banc*, arguing that his conviction and sentence could not stand pursuant to *Rehaif*. Dkt. # 1 at 3. On August 23, 2019, the Ninth Circuit denied the petition for rehearing without addressing the merits of the *Rehaif* claim. *Id.* On January 27, 2020, the Supreme Court similarly denied Petitioner's petition for a writ of *certiorari* without addressing the merits of the *Rehaif* claim. *Williams v. United States*, 140 S. Ct. 962 (2020).

On March 11, 2020, Petitioner filed the pending motion under 28 U.S.C. § 2255 to vacate his conviction and sentence for Felon in Possession of a Firearm in light of *Rehaif*. Petitioner does not challenge Count 2 of the indictment, possession of heroin with intent to distribute. Petitioner has since been released from custody and is currently on supervised release.[1]

---

[1] Although Petitioner has been released from prison, he is still subject to supervised release and thus is still in "custody." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). He may therefore still seek relief pursuant to Section 2255. *Id.*

ORDER – 3

### III.  DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence in the following circumstances:

(1) the sentence was imposed in violation of the Constitution or federal laws;

(2) the court was without jurisdiction to impose such sentence; or

(3) the sentence was in excess of the maximum authorized by law or otherwise subject to collateral attack.

28 U.S.C. § 2255(a).  A 2255 motion is timely if it is brought within one year from—as relevant here—the later of the date on which the judgment of conviction becomes final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on review.  28 U.S.C. § 2255(f).  Petitioner's conviction became final on January 27, 2020, when the Supreme Court denied his petition for writ of *certiorari*.  The *Rehaif* decision, which the Ninth Circuit held applies retroactively, *see United States v. Door*, 996 F.3d 606, 614 (9th Cir. 2021), was issued on June 20, 2019.  Petitioner filed his 2255 motion on March 11, 2020.  Dkt. # 1.  Petitioner's motion is thus timely.

**A.  Jurisdiction**

Petitioner argues that his conviction and sentence must be reversed because the indictment charging him with Felon in Possession of a Firearm did not charge a cognizable offense pursuant to *Rehaif*.  Dkt. # 1 at 10.  In *Rehaif*, the Supreme Court overturned a longstanding consensus among circuit courts in holding that to establish a violation of 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  139 S. Ct. 2191, 2194 (2019).  Because the indictment did not allege that Petitioner knew he had the relevant status when he possessed the firearm, he contends that the indictment failed to charge a cognizable offense and that the Court therefore, lacked jurisdiction.  Dkt. # 1 at 10.

ORDER – 4

In *United States v. Johnson*, 833 F. App'x 665, 666 (9th Cir. 2020), the Ninth Circuit considered a similar *Rehaif* challenge raised by a defendant who pled guilty to a single count indictment charging him with being a felon in possession of a firearm in violation of § 922(g)(1).  The Court held that although the indictment did not contain the *Rehaif* knowledge element, "this omission does not require that we vacate his conviction." *Id.*  The Court explained that alleged "defects in an indictment do not deprive a court of its power to adjudicate a case. *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002).  This Court accordingly finds that it has jurisdiction.

**B. Procedural Default**

Petitioner also argues that because he did not enter his guilty plea to Count 1 "knowingly," as reconceptualized by the Supreme Court in *Rehaif*, his guilty plea is "constitutionally invalid." Dkt. # 1-1 at 12.  The Court had informed Petitioner that he was charged with knowingly possessing a firearm and that he "had been previously convicted of a crime punishable by imprisonment for a term exceeding one year." *Id.* (citing *Williams*, No. 2:17-cr-00138-RAJ-1 (Dkt. # 39 at 17)).  Petitioner argues, however, that he "was never told during the plea proceedings that the crime required proof that he knew he had been convicted of a crime punishable by more than one year at the time he possessed the weapon." Dkt. # 1-1 at 13.  Petitioner concludes that, as a result, Petitioner did not understand the essential elements of Count 1, and his plea was thus unknowing and involuntary. *Id.*

The Government argues that Petitioner's 2255 motion is procedurally defaulted because Petitioner failed to raise it on direct appeal.  Dkt. # 4 at 8.  The Court agrees. The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). The voluntariness and intelligence of a guilty plea cannot be attacked on collateral review unless it is first challenged on direct appeal. *See id.* (holding "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal").  Because

ORDER – 5

Petitioner did not raise his *Rehaif* claim on direct appeal, but rather on his petition for rehearing, Petitioner procedurally defaulted on his 2255 petition.

However, Petitioner may avoid procedural default in this matter if he can establish either (1) cause excusing his procedural default and actual prejudice resulting from the error, or (2) actual innocence. *Id.* at 622. The "cause" prong can be satisfied by "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Reed v. Ross*, 468 U.S. 1, 15 (1984) (holding that "[c]ounsel's failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar").

To establish "actual prejudice," a habeas petitioner "must show not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." 477 U.S. at 494 (internal citation and quotation marks omitted); *see also Cruickshank v. United States,* 505 F. Supp. 3d 1127, 1133 (W.D. Wash. 2020) (applying *Murray* in the context of a plea agreement). Actual prejudice requires a showing that the petitioner was denied "fundamental fairness." 477 U.S. at 494. The standard is significantly higher than the plain error standard. *See United States v. Frady*, 456 U.S. 152, 166 (1982). "When evaluating whether a petitioner sustained prejudice, the Court 'may consult the whole record when considering the effect of any error on substantial rights.'" *Miranda v. United States*, No. C20-963RSL, 2021 WL 5162008, at *3 (W.D. Wash. Nov. 5, 2021) (quoting *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Because Petitioner does not seek to establish actual innocence, the Court focuses its analysis on whether he has shown cause and actual prejudice to avoid procedural default. Dkt. # 1-1 at 14.

Assuming without deciding that Petitioner has satisfied the "cause" requirement, the Court finds that Petitioner has not shown "actual prejudice" based on his *Rehaif*

ORDER – 6

claim. Petitioner argues that there is "strong evidence casting doubt as to whether he knew that he fell within a prohibited class as a felon" based on the facts surrounding his two prior convictions. Dkt. # 10 at 3. The Court will consider each conviction in turn.

   *1. Second Degree Murder Conviction*

Petitioner claims that he had reason to believe that his previous murder conviction was no longer valid, based on Washington case law holding that "assault cannot serve as the predicate felony for second degree felony murder." Dkt. # 1-1 at 15 (citing *In re Pers. Restraint of Andress*, 56 P.3d 981, 982 (Wash. 2002)). Petitioner raised this concern regarding the validity of his state murder conviction in direct appeal and it was rejected by the Ninth Circuit. *United States v. Williams*, No. 18-30089 (9th Cir. June 3, 2019). The Court held that it could not "ignore [Petitioner's] state court conviction" because of intervening state case law. *Id.* at 3. It noted that any challenge as to the validity of the state court conviction must be addressed in state court. *Id.* at 3. Despite Petitioner's alleged "belief" that his murder conviction is no longer valid, Petitioner has not challenged his state murder conviction, and his conviction has not been vacated nor rendered invalid by a court of law.

Petitioner's claim that he did not know he had been convicted of a crime punishable by more than one year after he had been convicted of second-degree murder and served more than 10 years in prison is unsustainable. In *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), a defendant similarly argued that he did not have the requisite knowledge under *Rehaif* despite having spent more than nine years in prison for various previous felony convictions, three of which had sentences of more than a year imposed. The Ninth Circuit held that his prior convictions of being a felon in possession of a firearm and a felon in possession of ammunition proved beyond a reasonable doubt that the defendant had the knowledge required by *Rehaif* and that any error in not instructing the jury to make such a finding did not affect his substantial rights or the fairness, integrity, or public reputation of the trial, as required to show reversible plain

ORDER – 7

error. 937 F.3d at 1189. *See also Miranda v. United States,* No. C20-963RSL, 2021 WL 5162008, at *4 (W.D. Wash. Nov. 5, 2021) (holding that "[b]ecause [the habeas petitioner] actually served more than a year in prison, he cannot credibly argue he was unaware of his status as a person previously convicted of an offense punishable by more than a year in prison"); *Cruickshank,* 505 F. Supp. 3d at 1134 (holding that a habeas petitioner could not demonstrate actual prejudice when he had previously received prison sentences of 14 months and 84 months and, therefore, "could not plausibly assert that a jury would find that he was unaware of his status as a person previously convicted of an offense punishable by more than a year in prison").

   *2. Conviction for Cocaine Delivery*

With respect to his prior state conviction of cocaine delivery, Petitioner argues that he could have assumed that it was not necessarily punishable by more than one year because the offense involved only 0.2 grams of crack cocaine and he had been sentenced to six months custody in residential treatment. Dkt. # 5 at 11. The record reveals, however, that Petitioner was aware of his second state felony conviction for cocaine delivery and the fact that it was punishable by more than a year in prison.

Specifically, when he pleaded guilty to the crime of cocaine delivery in state court, Petitioner acknowledged that the crime with which he was charged was a felony, which carries a sentence of "12+ – 20 months," and that the prosecutor would recommend a 14-month prison sentence. Dkt. # 4-4 at 2, 6. Petitioner also acknowledged that he had been fully informed and understood that he had given up certain rights by pleading guilty, including the following:

> This plea of guilty will result in the revocation of my right to possess, own, or have in my control any firearm unless my fight to do so is restored by a superior court in Washington State, and by a federal court if required. I must immediately surrender any concealed pistol license.

*Id.* at 11. Petitioner was also present at the sentencing hearing where the prosecutor stated that the standard sentencing range for his offense is "12 months and a day to 20

ORDER – 8

months of custody." Dkt. # 4-5 at 4.  At the same hearing, the judge informed Petitioner again that "by virtue of this conviction, [he was] no longer eligible to possess a firearm." *Id.* at 10.

Petitioner nonetheless argues that his own allocution demonstrates his lack of knowledge regarding his prohibited status.  Dkt. # 1-1 at 15.  At his sentencing, Petitioner stated the following:

> The drugs, I know I'm not supposed to be around them. The guns, I wasn't supposed to be around. Those items, like I said, that rifle was my girlfriend's father's. I'd never done anything with it, never even thought about it. Had I would have thought, you know, about me being a felon, I wouldn't have had that gun in the house. And I wouldn't have even—I would have explained to her then, so she wouldn't have ever brought the other one in the house.

*United States of America v. Nalen Williams*, No. 2:17-cr-00138-RAJ-1 (W.D. Wash. filed October 30, 2017) (Dkt. # 33 at 41).  Before pronouncing the sentence, the Court stated:

> So it's clear to the Court that you had a mentality and understanding about accessing firearms, knowing that you were a felon. That's not predicated upon Ms. Mizen knowing that you were a felon, or that you should have told her that you were a felon and not having guns in your possession. It still demonstrates to the Court that you knew you weren't supposed to have a gun; but nonetheless, you were still involved in negotiations with drugs and firearms . . .

*Id.* (Dkt. # 33 at 49).

The Court's opinion of Petitioner's knowledge remains unchanged.  Petitioner's allocution suggests that he knew he was "not supposed to be around" firearms, even though he failed to take appropriate action; his comments do not provide any indication that Petitioner lacked knowledge of his prohibited status.

The remainder of the record provides substantial evidence that Petitioner did, in fact, have the requisite knowledge of his prohibited status under § 922(g).  The Court finds that Petitioner has failed to demonstrate that the omission of knowledge of his prohibited status as an element in his indictment worked to his actual and substantial disadvantage or that he was deprived of fundamental fairness, as required to show actual

ORDER – 9

prejudice. *See Murray*, 477 U.S. at 494. The Court thus concludes that his claim is procedurally defaulted and **DENIES** his motion.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. # 1. Petitioner's request for a certificate of appealability is also **DENIED**, as he has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 28th day of April, 2022.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10